# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHRICE D. BRAY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-157-PRC |
| ) | |
| UNITED WATER, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2)(A) or, in the Alternative, Pursuant to the Court's Inherent Authority Due to Plaintiff's Attempted Fraud on the Court [DE 17], filed by Defendant United Water[1] on November 15, 2010. Plaintiff Anthrice D. Bray has not filed a response, and the time to do so has passed.

## PROCEDURAL HISTORY

On April 14, 2010, Plaintiff filed a pro se Employment Discrimination Complaint and a Motion for Leave to Proceed In Forma Pauperis. However, shortly thereafter on May 11, 2010, Plaintiff paid the $350.00 filing fee, and the Motion for Leave to Proceed In Forma Pauperis was not ruled on. On June 6, 2010, Defendant filed an Answer. On June 25, 2010, Attorney Jerome Taylor entered an appearance on behalf of Plaintiff. Subsequently, the Court held a Rule 16(b) preliminary pretrial conference on August 5, 2010.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

---

[1] Defendant represents that the Complaint incorrectly names Defendant as "United Water," when its correct name is United Water Environmental Services, Inc.

## STATEMENT OF FACTS[2]

Plaintiff's IFP Application, signed under penalty of perjury, provides that, as of April 14, 2010, (a) Plaintiff could not afford to pay the filing fee for the costs of the proceedings (i.e. $350.00); (b) his gross pay or wages from self-employment totaled approximately $500.00 per week; (c) during the prior 12 months, he did not receive income from any other sources beyond the approximately $500/week in self-employment earnings; (d) the amount of money in his checking account totaled $150 (he did not disclose any money in his savings account or its existence); (e) he did not own a car; and (f) Adam Bray, for whom he owed back child support, was dependent on Plaintiff for support.

However, at that time, Plaintiff was earning between $950 and $1,100 per week. In addition, during the twelve months prior to filing his IFP application, Plaintiff also had received substantial unemployment benefits; he received a lump sum in August 2009 of approximately $7,700 and subsequently received between $380 and $435 per week for approximately eight more weeks. As of April 14, 2010, Plaintiff owned a car, which he bought in 2009 for approximately $3,000 in cash after receiving the "lump sum" unemployment benefits. Bank records reflect that Plaintiff's checking account had $769.33 and his savings account had $1151.15 as of April 14, 2010. Finally, Plaintiff's son, Adam Bray, was approximately 24 years old as of April 14, 2010, and was not financially dependent on Plaintiff.

## ANALYSIS

Previously, 28 U.S.C. § 1915(e)(2)(A) granted district courts discretion to determine whether a false statement in an IFP application warranted dismissal of the case. *See, e.g., Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) ("Section 1915(d) provides: 'The court

---

[2] The facts are taken from portions of Plaintiff's deposition identified by Defendant.

. . . may dismiss the case if the allegation of poverty is untrue . . . ."). In 1996, however, § 1915 was amended to require dismissal in such situations: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that–(a) the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

Although some case law suggests and many courts have found that any untrue allegation of poverty in a motion to proceed in forma pauperis mandates dismissal, *see McRoyal v. Commonwealth Edison* Co., 263 Fed. App'x 500, 502 (7th Cir. 2008); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Weaver v. Borgwarner Transmission Sys., Inc.*, No. 07-C-2538, 2009 WL 4798220, at *4 (N.D. Ill. Dec.14, 2009); *Cheairs v. United Water/Suez*, No. 2:09-CV-201, 2009 WL 3568660, *5 (N.D. Ind. Oct. 26, 2009) *Pelmer v. Dean*, 562 F. Supp. 2d 1006, 1008 (N.D. Ill. 2008); *Harris v. United Water Suez*, No. 2:07-CV-332, 2007 WL 4608721, at * 2 (N.D. Ind. Dec. 28, 2007); *Bawaney v. TCF Bank*, No. 05-C-5390, 2006 WL 3523842, *2 (N.D. Ill. June 24, 2006), the Seventh Circuit Court of Appeals and United States District Courts have denied dismissal notwithstanding untrue allegations of poverty on the application when the plaintiff has not "reaped the benefits of *in forma pauperis* status," *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000); *see also Kim v. Earthgrains Co.*, No. 01 CV 3895, 2010 WL 2610460, *3 (N.D. Ill. June 24, 2010); *Davis v. Geren*, Cause No. 1:06-CV-1469, 2009 WL 362877, at *4 (S.D. Ind. Feb. 11, 2009) (setting forth three conditions that must be met before dismissal is mandated under § 1915(e)(2), including that "the court grants the plaintiff's petition based upon the false information").

As an initial matter, the Court finds that the undisputed evidence before the Court, consisting of Plaintiff's deposition testimony and his bank statements, demonstrates that Plaintiff made false statements on his application to proceed in forma pauperis by stating that he could not pay the filing fee when he had sufficient income to pay the filing fee and, in fact, paid the filing fee in full less

than one month later; that his gross pay or wages from self-employment totaled approximately $500 per week when he testified at his deposition that his weekly income from self-employment totaled $950-1100 per week; that in the prior twelve months he did not receive income from any sources beyond his approximate $500 per week in self-employment earnings when he in fact received a lump sum payment of $7,700 in unemployment benefits in August 2009 as well as weekly payments for eight additional weeks in the amount of between $380 and $435; that the amount of money in his checking account totaled $150 and he did not mention his savings account when, as of August 14, 2010, Plaintiff's checking account contained $769.33 and his savings account contained $1151.15; that he did not own a car when he bought a car in 2009 for approximately $3,000 in case after receiving the lump sum payment that he owned at the time of filing the suit; and that Adam Bray, for whom he owed back child support, was dependent on Plaintiff when Adam Bray was approximately 24 years old as of April 14, 2010, and was not financially dependent on Plaintiff.

However, the Court finds that dismissal is not proper in this case because Plaintiff did not "reap[ ] the benefits of in forma pauperis status." *Hbrowski,* 203 F.3d 445, 448; *see also Kim*, 2010 WL 2610460, at *5. Plaintiff's motion to proceed in forma pauperis was never ruled on by the Court because he paid the filing fee in full, of his own accord, less than one month after filing the case, before the parties commenced discovery (including Plaintiff's deposition at which the inconsistencies with his pauper application were uncovered), and more than six months before Defendant filed the instant motion to dismiss. As a result, the Court never reviewed the false statements made by Plaintiff, never granted him leave to proceed in forma pauperis, and never considered providing him with court-appointed counsel. Rather, within a month of paying the filing fee, Plaintiff himself retained Attorney Jerome Taylor. The Court finds it troubling that Plaintiff, who is represented by counsel, has not responded to this motion, has not provided any explanation, if any, for the inconsistencies between his application and his actual financial situation on April 14,

2010, has not offered any argument in support of maintaining his lawsuit, and has not analyzed the body of case law and attempted to distinguish his case from those in which dismissal with prejudice was imposed. Nevertheless, under all the circumstances and given that the Court never considered granting nor granted Plaintiff any benefits as a result of the application, the motion to dismiss under § 1915(e)(2)(A) is denied.

In the alternative, Defendant argues that dismissal is warranted on the independent ground that the false statements on the in forma pauperis application amount to perjury and fraud on the Court. "A district court has inherent authority to sanction conduct that abuses the judicial process." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003)). "The sanction imposed should be proportionate to the gravity of the offense." *Id*. (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). Although the Court finds that dismissal is too harsh a sanction under the circumstances described above and, thus, denies the motion to the extent it seeks dismissal on this basis, the Court nevertheless finds that a lesser sanction is appropriate for Plaintiff's conduct in making numerous false statements to the Court on the application to proceed in forma pauperis, which was signed under penalty of perjury. Accordingly, the Court orders as a sanction, short of dismissal, that evidence that Plaintiff lied on his application to proceed in forma pauperis shall be admissible as impeachment evidence in this trial should Plaintiff offer his own testimony at trial.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2)(A) or, in the Alternative, Pursuant to the Court's Inherent Authority Due to Plaintiff's Attempted Fraud on the Court [DE 17] but **ORDERS** the sanction set forth in this Order.

As a result, the Court **TAKES UNDER ADVISEMENT** the Motion to Compel [DE 15], filed by Defendant on October 25, 2010, and **ORDERS** Plaintiff to **FILE** a response to the motion, if any, on or before **January 3, 2011**.

The Court *sua sponte* **ORDERS** that the discovery deadline and expert discovery deadlines are extended to **February 11, 2010**. All other deadlines set in the August 5, 2010 Scheduling Order are **REAFFIRMED**.

SO ORDERED this 16th day of December, 2010.

                                           s/ Paul R. Cherry
                                           MAGISTRATE JUDGE PAUL R. CHERRY
                                           UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record