**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ANTHRICE D. BRAY,⁣              )
      Plaintiff,              )
                         )
      v.                   )     CAUSE NO.: 2:10-CV-157-PRC
                         )
UNITED WATER,            )
      Defendant.          )

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 31], filed by Defendant United Water[1] on March 21, 2011, and on Defendant's Motion to Dismiss Pursuant to FRCP 37(b)(2)(A) for Willful Noncompliance with the Court's January 31, 2011 Order or, in the Alternative, for Such Lesser Sanctions as the Court Deems Appropriate [DE 34], filed by Defendant United Water on March 21, 2011.

**PROCEDURAL BACKGROUND**

Plaintiff Anthrice D. Bray filed a pro se Employment Discrimination Complaint with this Court on April 14, 2010. Defendant United Water filed an Answer on June 2, 2010. On June 25, 2010, counsel entered an appearance on behalf of Mr. Bray.

The Court held a Rule 16(b) preliminary pretrial conference on August 5, 2010. At the conference, the Court ordered that initial disclosures be exchanged by September 1, 2010.

On November 15, 2010, United Water filed a Motion to Dismiss, asking the Court to dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(A) based on misrepresentations Mr. Bray made on his in forma pauperis application. On December 16, 2010, the Court denied the motion but nevertheless found "that the undisputed evidence before the Court, consisting of Plaintiff's deposition testimony and his bank statements, demonstrates that Plaintiff made false statements on his application to

---

[1] The Complaint incorrectly names Defendant as "United Water." Defendant's correct name is United Water Environmental Services Inc.

proceed in forma pauperis." Dec. 16, 2010 Order, p. 3. Later that same day, Mr. Bray filed an untimely response brief in opposition to the Motion to Dismiss.[2] The Court subsequently denied a Motion to Reconsider the ruling by United Water on January 28, 2011.

On January 31, 2011, the Court granted a Motion to Compel filed by United Water and ordered Mr. Bray to belatedly produce to United Water various identified discovery and initial disclosures on or before February 11, 2011. The Court further granted an award of fees, ordering United Water to file with the Court a statement of attorney fees incurred in bringing the motion. On March 8, 2011, the Court issued an order awarding fees in the amount of $1679.00.

On March 21, 2011, United Water filed a Motion for Summary Judgment, a memorandum in support, and supporting documentation. A response brief, if any, was due on or before April 21, 2011, pursuant to Local Rule 56.1 and Federal Rule of Civil Procedure 6. Mr. Bray has not filed a response in opposition to summary judgment.

On March 21, 2011, United Water filed a Motion for Sanctions based on Mr. Bray's alleged failure to provide complete discovery responses as ordered by the Court on January 31, 2011. Mr. Bray filed a response on April 5, 2011, and United Water filed a reply on April 11, 2011.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## MOTION FOR SANCTIONS

As noted above, on January 31, 2011, the Court ordered Mr. Bray to "produce to Defendant the discovery and initial disclosures identified in this Order on or before February 11, 2011," which consisted of (a) Mr. Bray's Federal Rule of Civil Procedure 26(a)(1) disclosures (which the Court

---

[2] Northern District of Indiana Local Rule 7.1 provides a briefing period of 14 days for a response brief.

had already previously ordered on August 5, 2010, be produced by September 1, 2010) and (b) a variety of documents responsive to Defendant's First Set of Document Requests that Mr. Bray stated during his deposition that he had in his possession, including but not limited to "two alleged emails to a Human Resources Manager complaining about alleged harassment; records showing his post-termination unemployment benefits; records regarding a business that he started post-termination; records reflecting post-termination earnings from a new job; and his 2009 tax return and W-2 forms." Jan. 31, 2011 Order, p. 2. Other than a copy of his 2009 tax return with a post-it note blocking out the center of the first page, Mr. Bray has not produced any of the other documents he was ordered to produce by February 11, 2011. He also has still not provided his voluntary discovery disclosures under Rule 26(a)(1).

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37(b)(2)(A) provides for the following sanctions based on a failure to comply with a court discovery order:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> . . .
>> (v) dismissing the action or proceeding in whole or in part;
>> . . . ; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

As a sanction for discovery abuse, a district court may dismiss a case upon finding that the plaintiff, through his actions, displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)). A court that dismisses a case as a sanction under Rule 37 must consider and explain why any of the lesser available sanctions would be ineffective. *Maynard*, 332 F.3d at 468.

United Water asks the Court to find that Mr. Bray's actions display wilfulness, bad faith, or fault and to impose the sanction of dismissal pursuant to Rule 37(b)(2)(A)(v). United Water argues that Mr. Bray has consistently shown willful disregard for the integrity of the Court system and his obligations under the applicable rules and the Court's orders. United Water notes that Mr. Bray made extensive misrepresentations on his application to proceed in forma pauperis, ignored the Court's August 23, 2010 Order that he make his Rule 26(a)(1) disclosures by September 1, 2010, ignored his obligation under Federal Rule of Civil Procedure 34 to respond to United Water's request for production of documents, and failed to comply with the Court's January 31, 2011 Order requiring the production of the outstanding discovery. In the alternative, United Water asks for lesser sanctions under Rule 37(b)(2)(A)(i) and (ii). Finally, United Water asks for reimbursement for the costs incurred in bringing this motion pursuant to Rule 37(b)(2)(C).

The Court ordered Mr. Bray to file a response to the motion by April 5, 2011, which he did. Although Mr. Bray references attachments to his response brief, he did not file the attachments with the Court. First, Mr. Bray generally references to the Court's granting of his request to extend the

February 11, 2011 discovery deadline to March 18, 2011, a request that he made orally on February 10, 2011, at a telephonic status conference. As of that February 10, 2011 conference, Mr. Bray had not initiated any discovery. In the response brief, counsel then notes that Mr. Bray did, in fact, turn over his 2009 tax return by February 11, 2011, but does not explain the presence of the post-it note over portions of the first page. Counsel then represents that Mr. Bray has "provided all discovery that he had within his possession in accordance with the Court's January 31, 2011 Order." Pl. Resp., p. 2. Mr. Bray's response brief then addresses the standard for dismissal under Rule 12(b)(6), which is not at issue on this motion. Finally, counsel makes an unverified assertion that Mr. Bray's "representations made in a depositions[sic] on September 21, 2010 are true with respects[sic] to the facts and information known to him at the time of the depositions[sic] and Defendants continues[sic] to make veil[sic] attempts to get a quick dismissal without trying the case on the merits." *Id.*

The Court finds that Mr. Bray has twice, without explanation, failed to comply with a Court order to make Rule 26(a)(1) initial disclosures–first, the Court's Order of August 5, 2011, pursuant to Federal Rule of Civil Procedure 26(g) setting the deadline for initial disclosures for September 1, 2011, and second, the Court's Order of January 31, 2011, pursuant to Federal Rule of Civil Procedure 37(a) ordering the service of initial disclosures by February 11, 2011. The Court further finds that Mr. Bray's production of a single document–his 2009 tax return with a post-it note blocking a portion of the first page–does *not* constitute compliance with the remainder of the Court's January 31, 2011 Order, which required him to produce various documents, including but not limited to the specific documents he testified at his September 2010 deposition to personally possessing. Mr. Bray has offered no explanation at all, other than his attorney's vague, unsworn statements, for his failure to produce documents responsive to United Water's requests for production of documents as ordered by the Court.

Under the totality of the circumstances in this case and given Mr. Bray's repeated disregard for the Court's orders and disrespect for the legal process, the Court finds that Mr. Bray has acted wilfully and in bad faith such that the sanction of dismissal with prejudice pursuant to Rule 37(b)(2)(A)(v) is warranted. A lesser sanction provided under Rule 37 is insufficient in this case because Mr. Bray's failure to participate in discovery has severely prejudiced United Water's ability to prepare a defense in this matter because it has not been provided with basic discovery responses.

The Court further grants the request for attorney fees and costs pursuant to Rule 37(b)(2)(C), finding that the award of fees and costs against Mr. Bray and his counsel is warranted by Mr. Bray's failure to comply with the Court's January 31, 2011 Order and that the failure was not substantially justified nor are there any other circumstances that make an award of expenses unjust.

## MOTION FOR SUMMARY JUDGMENT

Finding that this case shall be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court denies as moot the Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, the Court hereby:

(1) **GRANTS** Defendant's Motion to Dismiss Pursuant to FRCP 37(b)(2)(A) for Willful Noncompliance with the Court's January 31, 2011 Order or, in the Alternative, for Such Lesser Sanctions as the Court Deems Appropriate [DE 34] and **ORDERS** that this case is **DISMISSED with prejudice**.

Pursuant to Rule 37(b)(2)C), the Court further **ORDERS** that Mr. Bray and his attorney shall pay United Water its reasonable attorney fees and costs incurred in bringing the motion, including the time spent in preparing the reply brief.

The Court **ORDERS** United Water to **FILE** with the Court on or before **May 24, 2011**, an itemized statement of attorney fees and costs incurred in bringing this motion, including the cost incurred in filing the reply brief, with supporting documentation.

(2) **DENIES as moot** Defendant's Motion for Summary Judgment [DE 31].

SO ORDERED this 10th day of May, 2011.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record